Vicki Goldshot appeals the trial court's grant of Edward Goldshot's motion for contempt in which he claimed that Vicki failed to return to him property that he was awarded under the parties' final divorce decree. Having found no error in the trial court's decision, we affirm the judgment of the trial court.
 I.
Vicki and Edward were separated in March of 1996 when Edward moved out of their marital residence and began living in a motel. Vicki remained in the marital residence until July 1, 1996. Vicki admits that she took an electric skillet, electric knife, 21 inch television, and coffee maker from the home. Vicki claims that she took the items because they were given to her individually and, thus, are her personal property. The parties dispute when Vicki removed the items from the home.
Vicki and Edward were granted a divorce on August 19, 1996. The parties divorce decree awarded Edward all of the household goods, furniture, equipment, and appliances located in the marital residence with the exception of explicitly listed items which were Vicki's individual property. None of the above-listed items that Vicki removed from the home were included as exceptions to the trial court's award of all of the household items to Edward.
On September 6, 1996, Edward moved the court to find Vicki in contempt of their divorce decree. Edward alleged, among other things, that he was awarded the above-listed items under the divorce decree and that Vicki had taken those items in violation of the decree. In addition to those items, Edward claimed that Vicki had taken a television stand that he was awarded under the decree, which he valued at four hundred dollars. Vicki denied taking the stand.
The matter was set for a hearing on November 21, 1996. After the hearing, the magistrate issued a decision and permanent order in favor of Edward on January 17, 1997. On January 30, 1997, Vicki filed objections to the magistrate's decision. Edward filed a response to Vicki's objections on February 10, 1997. Both parties filed supplemental objections on March 7, 1997. Vicki filed a response to Edward's supplemental objections on March 18, 1997. The trial court overruled Vicki's objections and adopted the magistrate's decision on June 24, 1997. Vicki now brings this timely appeal of that decision.
 I.
In her sole assignment of error, Vicki argues that:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THAT VICKI PAY EDWARD FOR THE NIGHTSTAND[1], ELECTRIC KNIFE, TELEVISION, AND COFFEE MAKER.
Vicki first argues that the trial court erred in adopting the magistrate's valuation of the television stand. Vicki claims that Edward admitted that he had no idea how much the parties paid for the television stand and that he did not testify as to how he arrived at his four hundred dollar figure. Hence, Vicki argues that the magistrate's, and ultimately the trial court's, acceptance of Edward's figure was an abuse of discretion.
After reviewing the record, we find that the trial court did not abuse its discretion in accepting Edward's valuation of the television stand. First, we agree with the trial court that the transcripts and record indicate that the magistrate's valuation was fair. Second, although Vicki argued that Edward's valuation of the television stand was excessive, she failed to present any evidence as to a more appropriate valuation of the evidence. Thus, Vicki simply failed to prove her contention that the four hundred dollar figure was inappropriate which left the magistrate with no other figure upon which he could have based his decision.
Next, Vicki contests the trial court's adoption of Edward's valuation of the remainder of the items, that is, the electric skillet, electric knife, 21 inch television, and coffee maker. Vicki again argues that Edward did not testify as to how he arrived at his figures. Vicki claims that, as a consequence, we should find that the trial court abused its discretion in adopting Edward's figures.
It is clear from the record and transcripts that Edward based the values he placed on these items upon the cost of their replacement. Furthermore, the trial court determined, and we agree, that using the item's replacement value was appropriate because Edward would have to replace all of the items that Vicki had taken. Moreover, we find, as the trial court did, that the replacement value that Edward placed upon these items was nothing other than fair. Finally, we point out that Vicki completely failed to present any evidence to contest the value that Edward placed on these items. Consequently, we find that this argument is without merit.
Lastly, Vicki argues that the trial court erred in requiring her to reimburse Edward for these items because the items were her separate property which she was permitted to retain under the divorce decree. We disagree with Vicki's contention. The divorce decree specifically awarded Edward all household items with the exception of certain specifically enumerated household items that belonged to Vicki individually. None of the contested items were listed as exceptions although Vicki could have requested that they be listed as exceptions on the basis that they belong to her individually. In view of this, we find that Vicki's contention is without merit. Based upon the foregoing, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Having found that this appeal was not frivolous, we overrule Edward's motion for sanctions.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Joseph P. Moore
John H. Rion
Hon. V. Michael Brigner
[1] Although in her assignment of error, Vicki refers to the object as a nightstand, she refers to it as a television stand in her argument. Also, although Vicki has omitted the electric skillet from her assignment of error, she does include it in her argument.